UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 07-CR-0026 (PJS/AJB) |
| | Case No. 12-CR-1676 (PJS) |
| Plaintiff, | |
| v. | ORDER |
| CLAUDIA RODRIGUEZ-RIVERA, | |
| Defendant. | |

Claudia Rodriguez-Rivera, pro se.

Kevin S. Ueland, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Defendant Claudia Rodriguez-Rivera pleaded guilty to conspiring to distribute methamphetamine. On March 24, 2008, the Court sentenced Rodriguez to a 97-month term of imprisonment and five years of supervised release. The Eighth Circuit dismissed Rodriguez's appeal of that sentence on October 13, 2009. *See United States v. Rodriguez-Rivera*, 334 Fed. App'x 41, 42 (8th Cir. 2009) (per curiam) (unpublished). This matter is before the Court on Rodriguez's pro se motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255.

A § 2255 motion must be filed within one year of "the date on which the judgment of conviction became final." 28 U.S.C. § 2255(f)(1). Rodriguez's conviction became final 90 days after the Eighth Circuit's dismissal of her direct appeal, *see United States v. Hernandez*, 436 F.3d 851, 856 (8th Cir. 2006), which means that her conviction became final on January 11, 2010. As a result, Rodriguez was required to file her § 2255 motion by January 11, 2011.

Rodriguez did not file her § 2255 motion until July 10, 2012 [ECF No. 131], and thus her motion would appear to be time barred.

Rodriguez claims, however, that she should be excused from the § 2255(f)(1) limitations period through application of the doctrine of equitable tolling. The Eighth Circuit has held that courts may apply equitable tolling to a § 2255 petition. *See United States v. Martin*, 408 F.3d 1089, 1092 (8th Cir. 2005) (resolving ambiguity in prior cases). The Eighth Circuit has also emphasized, however, that "[a]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent." *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003) (citing *Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002)). To successfully invoke the equitable-tolling doctrine, Rodriguez must prove (1) that she "has been pursuing [her] rights diligently" and (2) that "some extraordinary circumstance stood in [her] way." *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006). In general, equitable tolling provides "an exceedingly narrow window of relief," *Jihad v. Hvass*, 267 F.3d 803 (8th Cir. 2001), and should be applied only when circumstances "beyond a prisoner's control make it impossible to file a petition on time." *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (rejecting argument that counsel's confusion over statute of limitations is grounds for equitable tolling).

Rodriguez satisfies neither of the two *Walker* requirements. First, she did not diligently pursue her rights under § 2255. There is no question that Rodriguez was aware of those rights, as she filed a premature § 2255 motion in September 2008, while her appeal to the Eighth Circuit was pending. ECF No. 110. Rodriguez was further reminded of those rights in January 2010, when this Court explained in a letter to her that her premature § 2255 motion had been dismissed without prejudice, and thus that she did not have any motions pending before the Court.

ECF. No. 118. Despite knowing of her rights under § 2255, Rodriguez did not file her motion to vacate until 18 months after the limitations period expired. Rodriguez has not come close to establishing that she acted diligently in pursuing her rights under § 2255.

Rodriguez has also failed to establish that "extraordinary circumstances" beyond her control made it "impossible" for her to file a § 2255 motion on time. *Kreutzer*, 231 F.3d at 463. Rodriguez asserts several reasons why the statute of limitations should not bar her motion, including her lack of proficiency in English, her history of mental illness, and her ignorance of the law. None of these establishes extraordinary circumstances, however.

First, Rodriguez speaks and understands English, as she acknowledged during her plea hearing. ECF No. 109. Rodriguez's PSR asserted that she is fluent in both English and Spanish, and Rodriguez made no objection to that assertion. Moreover, although an interpreter assisted her during the change-of-plea hearing, Rodriguez confirmed that she "understands English and Spanish," *id*. at 7, and she testified that she is literate in both languages. *Id*. This is not surprising. Rodriguez was brought to the United States as a small child, and she attended school in the United States until she dropped out in the eighth grade. *Id.* at 6. All evidence points to the fact that Rodriguez is fluent in English. Moreover, even if Rodriguez's claims of unfamiliarity with English were true, the Eighth Circuit has expressed skepticism that language barriers, without more, can satisfy the extraordinary-circumstances requirement. *Mendota v. Minnesota*, 100 Fed. Appx. 587, 588 (8th Cir. 2004) *(*citing *Cobras v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002)).

Second, Rodriguez alleges — and the government does not dispute — that she suffers from bipolar disorder and attention-deficit disorder. But Rodriguez does not explain *how* these

disorders prevented her from filing a petition on time, except to say that prisoners with mental illness are shunned and that therefore she did not receive prompt assistance from "jailhouse lawyers." The Eighth Circuit has not yet directly considered whether mental illness is sufficient grounds for a movant to invoke equitable tolling, but those circuits that have addressed the question have sensibly required that the prisoner's condition "made it impossible to comply with the filing deadline," *Bills v. Clark*, 628 F.3d 1092, 1099 (9th Cir. 2010), either because the "petitioner was unable rationally or factually to personally understand the need to timely file" or because the "petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing." *Id.* at 1099-1100. Rodriguez makes no claim that, because of her mental illness, it was *impossible* for her to file a timely § 2255 motion, and any such claim would be belied by the record. As noted, Rodriguez filed a premature § 2255 motion in September 2008 [ECF No. 110], and, during the year after the judgment of conviction became final, Rodriguez filed two motions: a request for appointment of counsel [ECF No. 117] and a motion to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(2) [ECF No. 119]. Shortly after the limitations period ended, Rodriguez filed yet another motion — a motion that essentially renewed her request for a sentence reduction under 18 U.S.C. § 3582(c)(2). ECF No. 121. Clearly, then, whatever Rodriguez's mental condition, it did not make it impossible for her to file a timely § 2255 motion.

Finally, Rodriguez claims that her lack of knowledge about the law — and the lack of legal knowledge of her fellow inmates — constitute an extraordinary circumstance that should toll the one-year limitations period. But the Eighth Circuit has repeatedly rejected "a lack of legal knowledge or legal resources" as grounds for equitable tolling, "even in the case of an

-4-

unrepresented prisoner." *Kreutzer,* 231 F.3d at 463; *see also Paige v. United States*, 171 F.3d 559 (8th Cir. 1999) (denying prisoner's § 2255 motion for untimeliness).

Because Rodriguez can show neither diligence nor extraordinary circumstances warranting the tolling of the one-year limitations period, her motion to vacate under § 2255 is denied as untimely.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant's motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 [ECF No. 131] is DENIED.

2. No certificate of appealability will issue.


Dated: August 21, 2012            s/Patrick J. Schiltz
                                                     Patrick J. Schiltz
                                                     United States District Judge